IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TODD JAMES ANDERSON,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:11-CR-498 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Todd James Anderson's Motion for Early Termination of Supervised Release. The government has not responded to the Motion and the time to do so has passed. For the reasons discussed below, the Court will deny the Motion.

　　　　Defendant was charged with possession of child pornography. He was sentenced to a term of 87 months' imprisonment, to be followed by 240 months of supervised release. Defendant began his term of supervision on October 6, 2017. During his term of supervision, Defendant has had two instances of non-compliance. In his Motion, Defendant states that he has completed treatment, maintained employment, gotten married, and surrounded himself with a strong support system.

　　　　18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. While the Court commends Defendant on his progress, the Court believes that an additional period of supervision will be beneficial.

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 66) is DENIED.[1]

DATED this 2nd day of May, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] Because a refusal to terminate supervised release is not a modification of the conditions of supervised release, a court is not required to hold a hearing under Federal Rule of Criminal Procedure 32.1(c) if it decides not to grant a request for early termination. *See United States v. Reagan*, 162 F. App'x 912, 913 (11th Cir. 2006).